IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TRACY MORTON, et al.            )
                                )
     v.                         )     NO. 3:13-1012
                                )
VANDERBILT UNIVERSITY           )

TO: Honorable Kevin Sharp, District Judge

# REPORT AND RECOMMENDATION

By Order entered November 27, 2013 (Docket Entry No. 29), the Court referred the Defendant's Motion to Dismiss the Plaintiff's First Amended Complaint (Docket No. 17), and the Plaintiff's Motion For Class Certification (Docket No. 21) to the Magistrate Judge for a report and recommendation.

For the reasons set out below, the Court recommends that the Motion to Dismiss be denied and the Motion for Class Certification be granted.

## I. BACKGROUND

This is a putative class action brought under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101 et seq., against Vanderbilt University ("Vanderbilt") by one of its former employees. The complaint (Docket Entry No. 1) was filed on September 19, 2013, and later amended on October 14, 2013. See Docket Entry No. 12. An initial case management order and second case management order have been entered, see Docket Entry

Nos. 30 and 31, and a case management conference is scheduled on August 5, 2014. See Docket Entry No. 47.

The Plaintiff is a former full-time employee of the Vanderbilt University Medical Center ("VUMC"). On July 1, 2013, she was terminated from her job effective immediately, and provided with a letter, dated July 1, 2013, memorializing her termination. See Exhibit A (Docket Entry No. 16-1) to First Amended Complaint. She alleges that approximately 300 to 500 other Vanderbilt employees were terminated from employment in a similar manner during a short period of time beginning July 1, 2013. She asserts that none of these employees were provided with any type of written notice prior to their terminations.

The Plaintiff alleges that, on September 17, 2013, Vanderbilt wrote to the Tennessee Department of Labor and Workforce Development's Dislocated Worker Unit describing its plans to permanently lay off an additional 1,033 VUMC workers starting November 16, 2013, and continuing until December 31, 2013. See Exhibit B (Docket Entry No. 16-2) to First Amended Complaint. The Plaintiff contends that, during the week of September 17, 2013, Vanderbilt gave notice to at least 275 of these 1,033 employees ("the September 17 employees") that their jobs were permanently eliminated. The Plaintiff alleges that, although Vanderbilt provided the September 17 employees with 60 days front pay, Vanderbilt nonetheless informed them that their services would no longer be required and that they were not required to report to work, escorted them to their work areas to remove personal items, escorted them off the premises, provided prepaid taxicabs to facilitate their departure, and encouraged them to actively seek other employment.

The Plaintiff alleges that the successive employee layoffs at the VUMC were part of a planned multi-phase reduction in force and that the numbers of employees terminated in July 2013

2

and in September 2013 should be considered part of the same mass layoff for the purposes of the WARN Act. Because the total employment losses resulting from this mass layoff affected over 500 employees, the Plaintiff alleges that Vanderbilt was obligated under the WARN Act to have provided the employees terminated in July 2013 with the full protections of the WARN Act, including 60 days advance written notice of their terminations.

The Plaintiff contends that, by failing to provide her with the WARN Act notice and other benefits, the Defendant has acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the WARN Act. The Plaintiff seeks to represent a class of "[a]ll employees of Defendant who were terminated or forced into retirement by the threat of termination between on or about July 1, 2013, and on or about September 17, 2013, without receiving the required 60-days' notice under the WARN Act." See Docket Entry No. 12, at 7. The Plaintiff seeks declaratory relief, an award for back pay and the loss of benefits, including but not limited to medical expenses, under 29 U.S.C. §§ 2104(a)(1)(A) and (B), an award of litigation costs, expenses, and attorney's fees under 29 U.S.C. § 2104(a)(6), an award for discretionary costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, and a judgment for civil penalties under 29 U.S.C. § 2104(a)(3).

## II. MOTION TO DISMISS

The Defendant seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Defendant first argues that the Plaintiff's allegations are insufficient because they are based on sheer speculation or information purportedly gathered from unspecified sources. See Docket Entry No. 18, at 5-7. The Defendant next argues that the Plaintiff's allegations fail to state a claim against

3

it under the WARN Act as a matter of law. Id. at 9-14. The Defendant asserts that the number of employees terminated in July 2013 was below the 500 employee threshold amount required for a mass layoff that triggers the WARN Act requirements and that the number of the employees terminated in July 2013 should not be combined with the number of the September 17 employees. While the Defendant acknowledges 29 U.S.C. § 2104(a)(3) provides for a 90-day period of aggregation for determining when a mass layoff has occurred, the Defendant asserts that Section 2104(a)(3) requires that the September 17 employees suffered an employment loss within 90 days of the July terminations. The Defendant argues that the September 17 employees were not terminated on September 17, 2013, but given notice on that date of their future terminations and were actually terminated effective November 16, 2013. Alternatively, the Defendant moves the Court to limit the initial phase of discovery in this case to the limited issue of whether the termination and employment loss suffered by the September 17 employees occurred on September 17, 2013, or November 16, 2013.

The Plaintiff responds by asserting that the allegations in the Amended Complaint regarding the September 17, 2013, terminations are sufficient to create a plausible claim that a mass layoff occurred that included both the employees terminated in July 2013 and September 2013, and required the Defendants to provide notice under the WARN Act to the plaintiff and the putative class members. At a minimum, the Plaintiff argues that factual issues exist over when the September 17 employees suffered an employment loss that are not appropriately resolved in the context of a motion to dismiss. The Plaintiff contends that regardless of the Defendant's characterization of its September 17 actions, the Plaintiff has alleged that the Defendant contemplated making significant reductions during 2013, and should have provided notice to the individuals it summarily dismissed

4

in July 2013, which would have been consistent with the WARN Act's requirement that employers look ahead 90 days when contemplating a sizeable reduction in force. See 29 U.S.C. § 2102(d); 20 C.F.R. § 639.5(a) (1) (ii). Instead, the Plaintiff argues that the Defendant attempted to carve out these individuals in order to avoid the 60-day notice requirement of the WARN Act.

### III.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the Plaintiff must provide the grounds for her entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Iqbal, 556 U.S. at 678-79. The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

### IV.  CONCLUSION

A. Sufficiency of the First Amended Complaint

The purpose of the WARN Act is to "ensure that 'workers receive advance notice of plant closures and mass layoffs that affect their jobs.'" Kildea v. Electro-Wire Prods., Inc., 144 F.3d 400,

5

405 (6th Cir. 1998) (quoting Marques v. Telles Ranch, Inc., 131 F.3d 1331, 1333 (9th Cir. 1997)). In general, the WARN Act requires that an employer of more than 100 persons provide at least 60 days written notice to the affected employees or their representatives before a mass layoff occurs. 29 U.S.C. § 2102(a)(1). Employees who believe that they have been denied proper notice under the WARN Act may bring an action against an employer for back pay, lost benefits, civil penalties, and attorneys fees. 29 U.S.C. § 2104.

A "mass layoff" is defined by the Act to include a reduction in force, which is not the result of a plant closing, that results in an employment loss at a single site of employment during any 30–day period which involves at least 500 full-time employees. 29 U.S.C. § 2101(a)(3). The Plaintiff's First Amended Complaint alleges that between 300-500 VUMC employees were permanently laid off during the July 2013 period, see Docket Entry No. 12, at ¶ 11, and further alleges that at least 275 more VUMC employees were permanently laid off on September 17, 2013. Id. at 14. Although the Plaintiff does not appear to allege that the July 2013 terminations are themselves sufficient to reach the 500 employee threshold required to trigger the WARN Act,[1] her allegation that 275 additional employees were terminated in September 2013 implicates the aggregation provision of the WARN Act. Under the aggregation provision, separate layoffs that do not individually satisfy the threshold requirement may be aggregated to determine if the 500 employee threshold has been reached. Section 2102(d) of the Act provides:

> in determining whether a plant closing or mass layoff has occurred or will occur, employment losses for 2 or more groups at a single site of employment, each of which is less than the minimum number of employees specified in section 2101(a)(2)

---

[1] The Plaintiff alleges that "[b]y terminating slightly under 500 employees in the July terminations, Vanderbilt willfully and intentionally crafted the first rounds of mass terminations to evade the requirements and liability imposed by the WARN Act." See Docket Entry No. 12, at ¶ 28.

6

or (3) of this title but which in the aggregate exceed that minimum number, and which occur within any 90-day period shall be considered to be a plant closing or mass layoff unless the employer demonstrates that the employment losses are the result of separate and distinct actions and causes and are not an attempt by the employer to evade the requirements of this chapter.

29 U.S.C. § 2102(d).

The Defendant disputes that Section 2102(d) applies, arguing that the September 17 employees did not suffer an employment loss until November 16, 2013, or more than 90 days after the July 2013 terminations, and thus they cannot be aggregated with the July 2013 terminations. Without aggregation, the Defendant contends that there is no basis for the Plaintiff's claim that she was due 60 days advance notice under the WARN Act prior to her termination.

An "employment loss" for the purposes of the WARN Act includes: (1) an employment termination other than a discharge for cause, voluntary departure, or retirement; (2) a layoff exceeding six months; or (3) a reduction in hours of work of individual employees of more than 50 percent during each month of any six month period. 29 U.S.C. § 2101(a)(6). The United States Department of Labor ("DOL") has explained that the term "termination" is "to have [its] common sense meaning" as the "permanent cessation of the employment relationship . . . ." 54 Fed.Reg. 16,047 (1989). See Wiltz v. M/G Transp. Servs., Inc., 128 F.3d 957, 963 (6th Cir. 1997).

After review of the parties' filings, the Court finds that the motion to dismiss should be denied. The Court does not agree with the Defendant that the facts pled by the Plaintiff are too speculative or conclusory to satisfy the basic rules of pleading or are insufficient because they are not based upon the specific personal knowledge of the Plaintiff. The pleading standard required by Twombly does not prevent a plaintiff from pleading "facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant or where the belief

7

is based on factual information that makes the inference of culpability plausible[.]" Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2nd Cir. 2010). See also Moore v. Henderson Cnty. Sheriff's Dep't, 2014 WL 1745017, *10 (W.D. Tenn. Apr. 30, 2014) (facts alleged by plaintiff that are reasonably inferred from a newspaper story are sufficient to satisfy Twombly and Iqbal pleading standard).

The Court also does not agree that the Plaintiff's allegations are insufficient as a matter of law to state a WARN Act claim requiring dismissal of the action. The Plaintiff's allegation that 275 VUMC employees were terminated from their employment within 90 days of the termination of several hundred other VUMC employees, including herself, is sufficient, at this stage of the proceedings, to assert a plausible WARN Act claim based upon aggregation under Section 2102(d). The issue before the Court is not whether the Plaintiff can ultimately prevail on this theory, which is an issue for summary judgment or trial, but whether she has met the plausibility threshold necessary to defeat a motion to dismiss. The Plaintiff meets that threshold.

The Defendant's argument that the Plaintiff's claim fails as a matter of law is based entirely upon its contention that the September 17 employees did not suffer an employment loss on that date.[2] The Defendant argues that there were certain factors that caused the employment loss suffered by those employees to have actually occurred some 60 days later on November 16, 2013. Specifically, the Defendant argues that Vanderbilt:

> continued to pay those employees through November 16, 2013 along with providing them all of the fringe benefits which they were eligible for as Vanderbilt employees through the notice period. Vanderbilt did not provide those employees "front pay"

---

[2] For the purposes of the Motion to Dismiss, the Defendant does not contend that the July 2013 terminations are "separate and distinct" from the terminations of the September 17 employees. See Docket Entry No. 18, at 10.

8

> in any sort of lump sum nor did it provide them with "pay in lieu of notice." It
> provided them with notice plus keeping them on its payroll, including maintaining
> their full employee benefits, for 60 days. (Amended Complaint ¶¶ 12 and 19, Ex. B).

See Docket Entry No. 33, at 3. See also Docket Entry No. 18, at 3 and 9.

The Court is unpersuaded by the Defendant's argument for several reasons. Neither paragraphs 12 or 19 of the First Amended Complaint, nor Exhibit B thereto, actually set out the specific facts asserted by the Defendant in its supporting memorandum of law. The only allegations made by the Plaintiff in her First Amended Complaint are that the September 17 employees were paid "60 days of front pay." The Defendant essentially asks the Court to make a ruling as a matter of law based upon facts that are not actually pled. While the Defendant's assertion of the factual trappings surrounding what occurred with respect to the September 17 employees may well be ultimately shown to be accurate, the Court cannot rely on these facts in the context of ruling on a Rule 12(b)(6) motion to dismiss.[3] The WARN Act does not provide a definition of an employment loss that clearly controls every possible factual scenario raised by the instant action, and it is not prudent to make a ruling as a matter of law as to whether the employment loss at issue occurred on September 17, 2013, or November 16, 2013, without a developed record of facts.[4] Given the gravity of the legal issues presented by the instant action, the Court will not make legal rulings on what is, as of this moment, a hypothetical situation.

---

[3] The Court notes that each of the WARN Act cases cited by the Defendant in support of its argument were decided on motions for summary judgment.

[4] Indeed, in its reply brief in support of the Motion to Dismiss, the Defendant alludes to the possibility that the 500 employee threshold is not met even with aggregation under Section 2102(d). See Docket Entry No. 33, at 2 & n.1. Accordingly, developed facts may show that the Defendant had no duty to the Plaintiff under the WARN Act. If that is the case, it would not be necessary for the Court to determine when the employment loss for the September 17 employees occurred.

9

B. Limitation on Discovery

The Defendant's request, as part of the Motion to Dismiss, for a limitation on discovery should be denied. The Court will address with the parties at the upcoming case management conference any issues pertaining to the scope of future discovery in this action.

C. Motion for Class Certification

The Plaintiff moves for an order appointing her as class representative and allowing this case to proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All former employees of the Defendant whose employment was terminated by the Defendant beginning on or around June 19, 2013, and continuing until on or around September 17, 2013, who either:
>
> (1) received a letter from Vanderbilt substantially similar to the letter the plaintiff received from VUMC, dated July 1, 2013; or
>
> (2) were terminated in whole or in part in response to the "significant challenges facing the health care industry" and/or the "financial challenges" as was referenced in the letter the plaintiff received from VUMC, dated July 1, 2013,

and who did not receive 60 days' advance written notice of their termination.

See Docket Entry No. 21.

The Plaintiff asserts that her action satisfies the prerequisites for class certification under Rule 23(a) and is maintainable as a class action under Rule 23(b)(3) because each putative class member's claims under the WARN Act are based on the same set of facts and involve the exact same question of law, i.e., whether the Defendant was obligated to comply with the notice requirement of the WARN Act in its termination of the plaintiff and those she seeks to represent. The Plaintiff

10

further points out that courts regularly grant class certification in WARN Act cases. The Plaintiff requests that, pursuant to Rule 23(g)(1), Barrett Johnston, LLC ("Barrett Johnston") be appointed class counsel.

In response, the Defendant "essentially does not take issue with the Plaintiff's contention that if this case is allowed to proceed once the Defendant's Motion to Dismiss has been determined, it would be appropriate for class treatment under the provisions of Rule 23(a) and (b)(3)." See Defendants Response (Docket Entry No. 37), at 2. However, the Defendant contends that certification of the class should be postponed until resolution of its Motion to Dismiss. At the very least, the Defendant argues that, if the Court does certify the class proposed by the Plaintiff, the Court should order that the provision of notice under Rule 23 to potential class members be deferred until a determination is made that the threshold number of terminations occurred within the 90-day period prior to September 17 to constitute a "mass layoff" and trigger the WARN notice requirement for those employees whom the Plaintiff seeks to represent. Id. at 3.

The Plaintiff represents that she is prepared to incur the time and expense required to notify the putative class members of this litigation, even if this litigation is ultimately unsuccessful, and that the Defendant's concern about the time and expenses required to distribute such notice should not delay the prompt resolution of the Motion for Class Certification. See Plaintiff's Reply (Docket Entry No. 38), at 3.

Given the recommendation that the Motion to Dismiss be denied, and the Defendant's general agreement that class certification is appropriate under Rule 23, the Motion for Class Certification should be granted.

The Court finds that the Plaintiff has met the prerequisites for Rule 23 class certification. Specifically, the Plaintiff has shown that: 1) the proposed class of several hundred members is so numerous that joinder is impracticable, satisfying Rule 23(a)(1); 2) that there are questions of law under the WARN Act and questions of fact that are common to all class members, satisfying Rule 23(a)(2); 3) the class representative's claims under the WARN Act are typical of the claims of the proposed class, satisfying Rule 23(a)(3); and 4) the class representative has common interests with the unnamed class members and will vigorously represent the interests of the proposed class through qualified counsel, satisfying Rule 23(a)(4). Further, the Plaintiff has shown that the questions of law under the WARN Act and the questions of fact common to the class predominate over any questions affecting only individual members and that the class action mechanism is superior to other available methods for fairly and efficiently adjudicating the controversy at issue in this action. Finally, the Court finds that the appointment of Barrett Johnston as class counsel is warranted under Rule 23(g)(1) for the reasons set forth in the Plaintiff's motion.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the Motion to Dismiss (Docket Entry No. 17) be DENIED;

2) the Motion For Class Certification (Docket No. 21) be GRANTED, and;

3) the Court designate Tracy Morton as Class Representative, appoint Barrett Johnston, LLC as Class Counsel, and certify the following class:

> All former employees of Vanderbilt University whose employment at the Vanderbilt University Medical Center was terminated by Vanderbilt University beginning on or

12

Case 3:13-cv-01012   Document 49   Filed 07/30/14   Page 12 of 13 PageID #: 484

around June 19, 2013, and continuing until on or around September 17, 2013, who either:

>   (1) received a letter from Vanderbilt University substantially similar to the letter Tracy Morton received from Vanderbilt University Medical Center, dated July 1, 2013; or
>
>   (2) were terminated in whole or in part in response to the "significant challenges facing the health care industry" and/or the "financial challenges" as was referenced in the letter Tracy Morton received from Vanderbilt University Medical Center, dated July 1, 2013,

and who did not receive 60 days' advance written notice of their termination.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge